# EXHIBIT C

# CONTINUING GUARANTY

**To: Ford Motor Credit Company LLC** Date: December 11 2018

For and in consideration of $1.00 and other good and valuable considerations paid by you to each of us, the receipt and sufficiency of which is each hereby acknowledged, and to induce you to make loans to and/or make advances under your Wholesale Plan to, and to purchase or otherwise acquire retail installment sale contracts, conditional sale contracts, chattel mortgages, or other security instruments or to otherwise extend credit to or do business with:

Broadway Ford Truck Sales, Inc.
(Dealer's Name)

1501 So. 7th St.
St. Louis, MO 63104
(Dealer's Address)

hereinafter called the "Dealer", each of the undersigned Guarantors hereby, jointly and severally, and unconditionally, guaranties to you, your successors or assigns that the Dealer will fully, promptly, and faithfully perform, pay and discharge all Dealer's present and future obligations to you; and agrees, without your first having to proceed against Dealer or to liquidate paper or any security therefore, to pay on demand all sums due and to become due to you from Dealer and all losses, costs, attorney's fees or expenses which you may suffer by reason of Dealer's default; and agrees to be bound by and on demand to pay any deficiency established by a sale of paper or security held with or without notice to us; together with a reasonable attorney's fee (15% if permitted by law) if placed with an attorney for collection from us. Each of us hereby subordinates any sums now or hereafter due to him/her from Dealer to the payment of any sums now or hereafter due you from Dealer (Subordinated indebtedness), and agrees that the undersigned will not, without your prior written consent, demand, take steps for the collection of, or assign, transfer or otherwise dispose of the Subordinated indebtedness or any part thereof or realize upon or enforce any collateral securing the Subordinated indebtedness or any part thereof or will not demand or accept any property of the Dealer as security for the Subordinated indebtedness of any part thereof for so long as the Dealer shall be indebted to you; provided that the following types of payments in reasonable amounts shall not be subject to this Subordination Agreement and may be paid by the Dealer to the undersigned without your prior written consent: (a) regular wage and salary payments for services rendered by the undersigned, (b) reimbursement for ordinary business expenses advanced on behalf of Dealer by the undersigned, or (c) payments for materials or property furnished by the undersigned in the ordinary course of business dealings between the undersigned and the Dealer.

Each of the undersigned hereby assigns, transfers, and sets over unto you all of his/her right, title and interest in and to the Subordinated indebtedness and agrees to execute any additional assignments and instruments you may deem necessary or desirable to effectuate, complete, perfect or further confirm such assignment and transfer; and agrees to hold in trust for and promptly remit to you for application upon any indebtedness now or hereafter owing by the Dealer to you any amount received from the Dealer or any other person on account of the Subordinated indebtedness.

Each of the undersigned Guarantors shall furnish to you such balance sheets, statements of income, expenditure and surplus and other financial statements as you may reasonably require from time to time. In addition, each Guarantor authorizes Ford Credit to obtain consumer reports or other credit reports as it deems necessary for the origination, review, collection and enforcement of this Guaranty.

This guaranty may be terminated only by notice sent to you by registered mail, stating an effective date after the receipt of such notice by you; but shall continue thereafter as to each of us who has not given such notice, and shall continue as to each of us giving such notice with respect to any transaction with and any obligation of the Dealer incurred prior to the effective date of termination. No termination hereof shall be effected by the death of any of us. Each of us waives notice of acceptance hereof and of presentment, demand, protest and notice of non-payment or protest as to any note or obligation signed, accepted, endorsed or assigned to you by Dealer, and exemptions, rights of dower and homestead laws and any other demands and notices required by law, and we waive all setoffs and counterclaims. You may renew, extend, modify or transfer any obligations of Dealer or its customers or of co-guarantors, may accept partial payments thereon or settle, release, release, compound, compromise, collect or otherwise liquidate any obligation or security therefore in any manner and bid and purchase at any sale without affecting or impairing the obligation of any of us hereunder.

It is contemplated that this is and is intended to be the personal guaranty of payment and performance of each individual who signs this instrument, and any language in connection with any signature indicating a capacity other than personal shall be deemed stricken from and shall not be part of the signature; but this provision shall not apply to the signature of a person who signs as an officer of a corporation which is not the Dealer, and which executes this instrument as its corporate guaranty.

This instrument shall bind our respective heirs, administrators, personal representatives, successors and assigns, and shall inure to your successors and assigns. All of your rights are cumulative and not alternative. Witness our hand(s) and seal(s) the day and year first above written.

| | | | |
|---|---|---|---|
| | ([signature] | 270 S. OAK | (Address) |
| For | ( | Cottage Hills, Ill. | (Address) |
| Individual | ( | 62018 | (Address) |
| Guarantors | ( | | (Address) |
| | ( | | (Address) |
| For | | | |
| Entity | By: | By: | |
| Guarantors | | | |

DOC 321-3 FC- 04/12/2010 (March 2010-HD)